ROBINSON v. CONSOLIDATED GAS CO. OF NEW YORK. (Supreme Court, Appellate Division, First Department. April 10, 1908.) Action by Anne Robinson, administratrix, against the Consolidated Gas Company of New York. From a judgment entered on a verdict for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed. See 106 N. Y. Supp. 1088. Theron G. Strong, for appellant. Edward F. Brown, for respondent.

PER CURIAM. Judgment and order affirmed, with costs.

INGRAHAM, J. I dissent from the affirmance of this judgment. The court in its charge instructed the jury that if Corcoran, the defendant's superintendent, knew or had reason to know that the scaffold was defective and dangerous, and the risk was not obvious to Robinson (plaintiff's intestate), then the defendant would be liable; and this instruction was ex-

cepted to. This, I think, was erroneous, as it took away from the jury the question of the defendant's negligence. As I understand it, a violation of the labor law (chapter 415, p. 461, Laws 1897) does not of itself as a matter of law impose a liability upon the employer. It is evidence from which the jury may find negligence; but it is error for the court to instruct the jury that the defendant is liable as a matter of law. This error runs through all the charge; and, while there are inconsistent statements as to the defendant's liability, I think upon this charge as a whole the jury would have been justified in understanding that the court had instructed them as a matter of law that if this scaffold was defective and dangerous, and the risk was not obvious to the deceased, then the defendant was liable. I think it was error to refuse to charge the defendant's ninth request. The evidence is uncontradicted that the deceased and his associate placed considerable strain upon this scaffold in trying to unscrew a pipe, and that it was while thus straining it that the scaffold fell. There was no evidence but that the scaffold would have been perfectly safe if used in an ordinary way. I think the defendant was entitled to have the jury instructed that the defendant was not liable unless the jury should find that the use of the scaffold contemplated by the defendant, and for which it can be said to have been furnished for the plaintiff's use, was the use to which he put it. There are other questions presented in this case which are not free from doubt, and I think the case should be submitted to another jury.